For plaintiff: Emile H. Ruch.

For defendant: Peter M. O'Reilly, J. E. L. Smith.

Grace Lamoureux  
vs.  } P. A. No. 1346.  
Walter E. Greene, Ex'r.

February 14, 1934.

JOSLIN, J. This is an appeal from a decree of the Probate Court of the City of Cranston admitting to probate the will of Maria L. Sweezy. The jury returned a verdict sustaining the will.

It is claimed that the will was not properly executed. The witnesses were Raymond T. O'Neill, Esq., and Owen T. McKenna. The testimony of Mrs. O'Neill was to the effect that the will was first signed by the testatrix; that she signed in the presence of the two witnesses who signed in the presence of the testatrix and in the presence of each other. Mr. McKenna's testimony

was not very satisfactory. He stated that he was called in by Mr. O'Neill, his son-in-law, to witness the execution of the will. He was not sure of the order in which the testatrix and the witnesses signed. Mr. McKenna was 73 years of age and has since deceased. While on the witness stand, he exhibited great uneasiness and nervousness. It was evident that he was confused and trying to recall the details of the execution of the will, of which he had no distinct recollection. We are satisfied that Mr. O'Neill correctly described what took place and that the execution of the will was attended with all the formalities required by the Statute.

The will is attacked on two additional grounds, that of mental incompetency of the testatrix, and that undue influence was exerted upon the testatrix by the executor and others.

Mrs. Sweezy was 80 years of age on October 24, 1930, when she made the will. She died January 9, 1933. No husband or children survived her. Her nearest relatives are nieces and nephews, some of whom are active on one side or the other of this case. During the latter part of her life she lived alone in her own home. She owned two parcels of real estate and had personal property of the value of about $8,000.

The evidence for the contestants was given principally by the appellant and her two sisters, Mrs. Henry and Mrs. Ladd. There were also several other witnesses. In support of the claim of testamentary incapacity, they testified, among other things, that the testatrix had a poor memory, was nervous, talked about poisoned candy and poison in the well, rambled in her talk, got impressions that relatives wanted to injure her, and that she was of unsound mind. Some of these witnesses admitted that Mrs. Sweezy was a determined woman; that she talked intelligently; that she knew her own property, and that she knew who her nieces and nephews were.

For the proponent of the will, there was testimony from the three residuary devisees, one of whom is the executor, from Dr. Jones, who was Mrs. Sweezy's physician during the last years of her life, from the nurse who attended her in 1928 and visited her on one occasion in the summer of 1930, and from others who had known Mrs. Sweezy in her lifetime. All of this testimony tended to show that the testatrix was rational, not eccentric, determined if she thought she was right, that she did not ramble, kept her home clean, dressed well, talked of her private affairs, and knew and appreciated who her relatives were. These witnesses were of the opinion that she was of sound mind.

The evidence of undue influence was very meagre. It consisted principally of the statement of Mrs. Lamoureux quoting the testatrix as saying: "They had me make a will, but I didn't want to", and the statement of Mrs. Ladd that the executor controlled Mrs. Sweezy's spending. There was also some testimony of the existence of opportunity by William E. Greene and perhaps others for the exercise of such improper influence.

The Court is clearly of the opinion that there was no improper influence attending the preparation and the execution of the will, which is substantially the same as two previous wills made in 1928 and 1929. It appears to have been carefully drawn. Specific articles of personal property are left to designated persons, the real estate is given to the son of the executor, and the residue is left to the executor and his two brothers. No bequest is made to certain named nieces and nephews of the testatrix with the explanation that such failure is intentional. There appears to be adequate reason for the discrimination

which she made. There may have existed some opportunity to exert influence. This, however, does not establish improper influence.

*Caldarone* vs. *Caldarone*. 48 R. I. 163.

In the two years and two months which intervened between the making of the will and the death of the testatrix, she had ample opportunity, free from contact with Walter E. Greene or any other member of the Greene family, to modify the will or to make a new one had she so desired.

Another reason for a new trial urged by the appellant is on account of newly discovered evidence. In support of this she filed, on the day of the hearing on this motion, the affidavit of Barbara E. Hobson stating that she had known the testatrix for a number of years prior to October, 1930, "that Mrs. Sweezy wore meal sacks for clothing, that she was incoherent and rambling in her speech, that she would go in tantrums, that she appeared to be in fear of Walter Greene", and she gives it as her opinion that Mrs. Sweezy was "of unsound mind on or about October 24, 1930".

According to Rule 20 of the Superior Court Rules, this affidavit should have been filed at least five days before the date of the hearing; nevertheless, the Court has considered it as though it were duly filed. There is no explanation of the fact that the witness was not produced at the trial. Furthermore, all the matters embraced within the affidavit were testified to by other witnesses. Her evidence would be merely cumulative, and it would not result in a different verdict if the case were again submitted to a jury.

It is the opinion of the Court that at the time of the execution of the will, Mrs. Sweezy was of sound mind and did possess testamentary capacity, and that the execution of the will was not procured by any undue or improper influence.

Motion for a new trial denied.
For appellant: William V. Griffin.
For appellee: Raymond T. O'Neill.